```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION No. 2:98-00134

**THOMAS WILLIAM BROWNING**

## MEMORANDUM OPINION AND ORDER

Pending is defendant Thomas William Browning's motion for compassionate release (ECF No. 126), filed September 1, 2021. The government filed a response in opposition to the motion on September 14, 2021 (ECF No. 127).

### I. Background

On October 1, 1998, defendant Thomas William Browning ("Browning") pled guilty to a single-count indictment which charged him with conspiring to manufacture, distribute, and possess with intent to distribute methamphetamine, cocaine, and marijuana in violation of 18 U.S.C. § 846.  ECF No. 8; ECF No. 18.

According to the Presentence Investigation Report ("PSR") prepared in Browning's case,[1] Browning conspired with several individuals to distribute cocaine, marijuana, and methamphetamine in the Southern District of West Virginia. PSR ¶¶ 1–24.

When police tried to apprehend Browning for the instant offense, he attempted to evade arrest, leading the officers on a high-speed vehicle chase. Id. at ¶ 25. When he was boxed in by law enforcement vehicles, he rammed into two vehicles, causing injury to three officers. Id. at ¶ 27.

According to the PSR, Browning was responsible for 22,111.11 kilograms of marijuana equivalent. Id. at ¶ 29. Using the 1998 edition of the United States Sentencing Guidelines Manual, Browning's base offense level was calculated at 36. Id. at ¶ 35. At sentencing, the court found that Browning was responsible for 33 ounces of cocaine, 18.84 pounds of methamphetamine, and 800 pounds of marijuana. ECF No. 50, at 178–80. The aggregate amount of marijuana equivalent ultimately attributed to Browning was 17,641.64 kilograms. Id. at 12. The

---

[1] The Presentence Investigation Report is dated June 23, 1999. It appears that the PSR has not been filed on the electronic docket for this case.

reduced drug weight did not affect the base offense level of 36 as calculated in the PSR. Id. at 13.

Browning received a two-level enhancement for possession of a firearm and a two-level enhancement for reckless endangerment based on his attempt to resist arrest. PSR at ¶¶ 38, 42; ECF No. 50, at 5-6, 13.

The Probation Officer recommended a three-level reduction for acceptance of responsibility, PSR ¶ 44, however, the United States objected to this reduction, arguing that Browning "ha[d] not truthfully admitted conduct comprising the offense of conviction, ha[d] falsely denied relevant conduct and filed frivolous objections to relevant conduct," id., at addendum.

At Browning's sentencing hearing, the court granted the United States' objection and declined to apply the three-level reduction for acceptance of responsibility. ECF No. 50, at 7, 13. Accordingly, Browning's total offense level was 40. ECF No. 39, at 7.

Browning had 10 criminal history points. PSR ¶¶ 47-52. Seven of those points were for previous adult criminal convictions. Id. at ¶¶ 49-51. Two points were added pursuant to U.S.S.G. § 4A1.1(d) because the offense was committed while

Browning was under parole supervision and later while he was under probation supervision. Id. at ¶ 52. Additionally, one point was added pursuant to U.S.S.G. § 4A1.1(e), "because the defendant began committing the instant offense less than two years after release from imprisonment on parole in April 1988 on the sentence imposed on April 25, 1986." Id.

Pursuant to the Sentencing Table, this would have resulted in a Criminal History Category of V, however, Browning met the then criteria for "career offender" under the Sentencing Guidelines § 4B1.1. Id. at ¶ 53. Accordingly, Browning's Criminal History Category was found to be VI. Id.; ECF No. 39, at 7; ECF No. 50, at 13.

Browning's Total Offense Level of 40 and Criminal History Category of VI resulted in an imprisonment range of 360 months to life. ECF No. 39, at 7; ECF No. 50, at 13.

On July 7, 1999, this court sentenced Browning to the bottom of the Guideline Range and imposed a 360-month term of imprisonment to be followed by five years of supervised release. ECF No. 39, at 2-3.

At sentencing, the court noted the sentence Browning faced was "unusually lengthy," but found that it was the minimum

period it was able to impose under the Guidelines.  ECF No. 50, at 15–16.[2]

On July 17, 2020, Browning filed a pro se motion for compassionate release citing his age, time served, medical conditions, and "a lower sentence today then I received 22 years ago due to the change in laws."  ECF No. 121.  On November 18, 2020, the court denied Browning's first motion for compassionate release finding that he had failed to present extraordinary and compelling reasons meriting release.  ECF No. 122.

On April 21, 2021, the Office of the Federal Public Defender filed a motion on Browning's behalf seeking appointment of counsel because it believed extraordinary and compelling reasons may exist that warrant a reduction in his sentence.  ECF No. 123.  The court granted that motion on July 27, 2021.  ECF No. 124.

According to the Federal Bureau of Prisons ("BOP"), Browning's projected release date is June 1, 2024.  Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 27, 2022).

---

[2]   As discussed in note 7, infra, Browning was sentenced before the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

5

## II.  Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115–391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[3] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission."  See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited

---

[3] Browning satisfied that administrative exhaustion requirement by submitting a request for compassionate release to the Bureau of Prisons.  See ECF No. 123-1, at 1.  That request was denied by the warden of Browning's prison facility on March 31, 2021. Id. at 2.

6

by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

### III. Analysis

In United States v. McCoy, the Fourth Circuit addressed whether changes in sentencing law could support compassionate release under § 3582(c)(1)(A)(i). McCoy was a consolidated action considering motions for compassionate release brought by defendants who had been convicted of multiple offenses under 18 U.S.C. § 924(c). McCoy, 981 F.3d 271, 275 (4th Cir. 2020). Section 924, in relevant part, "imposes mandatory minimum sentences for using or carrying a firearm in connection with a crime of violence: for a first offense, a five- to ten-year mandatory minimum, depending on the circumstances; and for a subsequent conviction, a consecutive 25-year mandatory minimum. Prior to the First Step Act, a conviction was treated as 'second or subsequent,' triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." Id. The First Step Act ended this practice of "stacking," and clarified that the 25-year mandatory minimum only applies to defendants who have previously been convicted under § 924(c) in a separate case. Id.; § 403(a), 132 Stat. at 5222.

7

The McCoy defendants sought, and were granted, compassionate release at the district court level, and the United States appealed, arguing that disproportionately long sentences could not serve as "extraordinary and compelling" reasons warranting compassionate release.

The McCoy Court found that "the severity of the defendant's 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act" were factors that could be considered as part of the "extraordinary and compelling reasons" underlying compassionate release. Id. at 285. The court affirmed the grants of compassionate release, noting that the district courts had conducted "individualized inquiries," and had based relief not just on sentencing disparities but also on factors such as defendants' "relative youth at the time of their offenses, their post-sentencing conduct and rehabilitation, and the very substantial terms of imprisonment they already served." Id.

By counsel, Browning asserts that extraordinary and compelling circumstances warrant a reduction in his sentence because if he were sentenced today, he would no longer be classified as a career offender and thus would be subject to a much shorter sentence. ECF No. 126, at 1, 6–12. Additionally,

8

Browning asserts that his disciplinary record and rehabilitative actions while in BOP custody support a reduction. Id. at 12–15.

The government concedes that Browning would no longer qualify as a career offender under Fourth Circuit law but argues that a sentence reduction is not warranted because the sentence Browning received is squarely within the newly calculated guideline range, Browning's record is not extraordinary and compelling, and release is not consistent with the § 3553(a) factors. ECF No. 127.

Pursuant to the United States Sentencing Guidelines, a defendant is classified as a career offender if,

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). If the career offender designation applies, the Guidelines provide that the defendant's Criminal History Category shall be Category VI. U.S.S.G. § 4B1.1(a). Additionally, the Guidelines may increase the defendant's offense level. Id.[4]

---

[4] The career offender designation did not increase the total offense level in Browning's case.

9

At the time Browning was sentenced in 1999, he met all three requirements for career offender designation. He was above the age of 18; he was convicted of a felony that, at the time of his sentencing, was considered a controlled substance offense; and he had both a prior controlled substance conviction and a prior crime of violence conviction.[5] See PSR 1, 4, 13–15.

Since Browning's sentencing, however, the Fourth Circuit has held that Browning's offense of conviction, conspiracy to distribute drugs under 21 U.S.C. § 846, is not a "controlled substance offense" under the Guidelines. United States v. Norman, 935 F.3d 232 (4th Cir. 2019).[6] Accordingly, if sentenced today, Browning would not meet the second criterion for designation as a career offender.

If sentenced today without the career offender designation, Browning submits that he would be subject to s a significantly lower Guideline sentencing range. ECF No. 126, at

---

[5] The prior felonies used to sustain the career offender designation include Browning's April 21, 1986, conviction for possession with intent to deliver marijuana and his December 7, 1992, conviction for aggravated robbery. PSR 13–14. Both convictions were from the Circuit Court of Kanawha County, West Virginia. Id.

[6] In Norman, the court concluded that conspiracy under § 846 does not qualify as a controlled substance offense because it does not require an overt act and thus "criminalizes a broader range of conduct than that covered by generic conspiracy." 935 F.3d at 237–38.

10

6–7. Browning also notes that at the time he was sentenced, the court was required to sentence Browning to a term of imprisonment within the range provided by the Guidelines.[7] Id. at 15.

The parties agree that under the current Guidelines without the career offender enhancement, Browning's base offense level would be 34. See ECF No. 126, at 6; ECF No. 127, at 3.[8] With the enhancements for possession of a firearm and reckless endangerment, his total offense level would be 38.

---

[7] Before the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), courts were required to sentence defendants to a term of imprisonment within the range provided by the Guidelines. The Booker Court held that the Sentencing Guidelines are advisory in nature. 543 U.S. at 245. The United States argues that the fact that the Guidelines are now advisory rather than mandatory does not apply retroactively to Browning and does not, on its own, justify Browning's release. ECF No. 127, at 4–5. Additionally, the United States cites to a Sixth Circuit case in which the appellate court found that a district court erred by considering "Booker's non-retroactive change in sentencing law as a factor to support an 'extraordinary and compelling' reason for compassionate release." Id. at 4 (quoting United States v. Hunter, 12 F.4th 555, 563 (6th Cir. 2021)). The Fourth Circuit has not explicitly held that pre-Booker sentences cannot be a factor for compassionate release. Indeed, given the discretion granted to courts in McCoy and Kibble, the court believes it is permitted to consider this nonretroactive change in sentencing law as a factor for release under § 3582.

[8] Amendment 782 to the Sentencing Guidelines lowered the base offense level for 10,000 to 30,000 kilograms of converted drug weight from 36 to 34.

Browning posits, and the United States appears to accept, that without the career offender enhancement Browning's Criminal History Category would be IV. Browning's suggestion that his Criminal History Category should be reduced from V, the category that the court calculated before applying the career offender enhancement, to IV is based upon United States Sentencing Guideline Amendment 742. Amendment 742, which was made effective on November 1, 2010, eliminated the 1-point enhancement Browning received under U.S.S.G. § 4A1.1(e).

If sentenced today with the benefit of Amendment 742, Browning would have 9 criminal history points instead of 10, and would properly be placed into Criminal History Category IV. With the one-point reduction, Browning's advisory range based on Total Offense Level 38 and Criminal History IV drops from 360 months to life to a range of 324 to 405 months. The bottom end of this range is three years less than the 360-month sentence Browning received.

Neither party addressed whether the court may consider Amendment 742 in its analysis under § 3582. However, given McCoy's declaration that sentencing courts may consider "the length of [ ] defendants' sentences and the fact that those sentences would be dramatically shorter today," McCoy, 981 F.3d at 285, along with the holdings of courts in this Circuit who

12

have held that sentencing disparities created by nonretroactive amendments to sentencing law – such as changes to career offender designation[9] – the court is satisfied that it can consider Amendment 742 and the significant effect the subtraction of that criminal history point would have on Browning's guideline range if he were sentenced today.

In addition to the "unusually lengthy" sentence Browning received due to his classification as a career offender, Browning submits that his rehabilitative record while incarcerated also supports a reduction in his sentence.  ECF No. 126, at 12–15.

While incarcerated, Browning has completed nine different educational courses, including a 2228-hour heating/AC apprenticeship program and an 8000-hour electrician apprenticeship.  ECF No. 126-1.

More significantly, Browning notes that he has only received three disciplinary infractions during his time in prison, none of which were serious or violent.[10]  ECF No. 126, at

---

[9]  See, e.g., United States v. Johnson, No. CR 3:11-00054, 2022 WL 1510544 (S.D.W. Va. May 12, 2022) (Chambers, J.); United States v. Minter, No. 2:12-CR-00191, 2021 WL 1894454 (S.D.W. Va. May 11, 2021) (Goodwin, J.); United States v. Vaughn, No. 5:08-CR-00266, 2021 WL 136172 (S.D.W. Va. Jan. 13, 2021) (Volk, J.).
[10]  Browning's infractions include two instances of possessing drugs or alcohol and one instance of possessing an unauthorized

13

14. Additionally, Browning has not sustained any infractions since 2015. Id.; ECF No. 126-2.

The Government posits that compliance with prison rules and completion of classes while incarcerated is not "extraordinary and compelling," ECF No. 127, at 5–6, but McCoy counsels that the court may consider the defendant's "post-sentencing conduct and rehabilitation," 981 F.3d, at 288.[11] The submitted records indicate that Browning has taken significant steps toward rehabilitation, a factor which supports compassionate release in this instance.

The fact that Browning if sentenced today would no longer qualify as a career offender and would fall into a lower criminal history category, combined with his disciplinary and rehabilitative record while incarcerated, supports a finding of extraordinary and compelling circumstances that warrant release. See United States v. Minter, No.:12-cr-00191, 2021 WL 1894454

---

item. See ECF No. 126-2. Browning received only administrative punishment for these infractions. Id.

[11] The McCoy Court notes that 28 U.C.C. § 994(t), which directs the Sentencing Commission to provide guidance on what constitutes "extraordinary and compelling reasons," provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." McCoy, 981 F.3d at 286, n.9. Still, the court found "there is no indication that successful rehabilitation efforts may not be considered as one among other factors under § 3582(c)(1)(A)(i)." Id.

14

(S.D.W. Va. May 11, 2021) (considering disparity between sentence with and without career offender designation and post-conviction conduct as factors supporting compassionate release under § 3582); United States v. Vaughn, 5:08-cr-00266, 2021 WL 136172 (S.D.W. Va. Jan. 13, 2021) (same).

Finally, before the court may grant compassionate release, it must first consider the factors enumerated in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the need for the sentence (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (2) to afford adequate deterrence to criminal conduct"; (3) "to protect the public from further crimes of the defendant;" and (4) "to provide the defendant with needed education or vocation training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

According to the PSR, Browning has been in custody since his arrest on July 9, 1998. The court finds that the 286 months — nearly 24 years — that Browning has served are sufficient to satisfy the purposes set forth in § 3553(a).

A reduced sentence of time served surely reflects the seriousness of his crime, promotes respect for the law, and is a sufficiently just punishment that adequately serves the purposes of deterrence for both Browning and others. The court finds no indication that Browning currently poses a threat to the public. Finally, Browning's conduct while incarcerated suggests that he has taken advantage of educational and vocational training.

Inasmuch as the court is satisfied that compassionate release is consistent with the factors set forth in § 3553, it finds that Browning is entitled to relief under § 3582(c).

## IV. Conclusion

In light of the foregoing, the court ORDERS as follows:

1. defendant Thomas William Browning's motion for compassionate release (ECF No. 126) be, and it hereby is, granted;

2. Browning's sentence is reduced to time served;

3. Browning shall serve the five-year term of supervised release ordered in his criminal judgment dated July 13, 1999; and

4. The Bureau of Prisons shall release Browning within 10 days of the date of this order.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: June 1, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

17